IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **LEMORIAL SILK,** | ) Civil Action No. 7:20-CV-00222 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **BRYAN HUTCHESON,** *et al.*, | ) By: Norman K. Moon |
| Defendants. | ) United States District Judge |

Lemorial Silk, a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. His complaint names two individuals: Bryan Hutcheson, identified as "the Sheriff of the Rockingham/Harrisonburg Regional Jail," and B. Harper, a Lieutenant at the same jail. The case has been conditionally filed. Silk's complaint is before the court for review pursuant to 28 U.S.C. § 1915A(b). For the reasons discussed below, I conclude that Silk's complaint fails to state a claim for which relief can be granted. It therefore must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).

I. BACKGROUND

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it, for example, is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Silk's claims arise from an assault that occurred at the Rockingham Regional Jail on August 6, 2018, at about 7:30 a.m. Silk was asleep and was woken up by an individual physically stomping him in his face. As he tried to protect himself, the perpetrator ran from the cell. Silk alleges that immediately thereafter, the watch officer entered the pod and directed plaintiff to leave the cell and exit the pod. The officer stated that he saw the assailant come in and assault plaintiff, and the officer identified him as James Dickenson. Silk notes in his complaint that he did not know the assailant at all and that "the assault was random, as far as [Silk] knows." (Compl. 6, Dkt. No. 1.) The officer asked if Silk wanted to press charges and he said yes. Months later, Silk received subpoenas to attend the court hearing of his assailant, but was never taken to court.

After the watch officer spoke with Silk, Silk was assessed in the medical department and then taken to an outside hospital and treated for his injuries. During the assault, Silk's dentures had been broken, and x-rays revealed that Silk also had two broken facial bones, which required surgery. After the surgery, Silk remained segregated for over five weeks while his bones set. He then received dental treatment, but was required to leave his dentures with the dentist. He was then transferred to a different facility without his dentures, which he did not receive until around November 2018, after numerous grievances.

Silk explains that he named Hutcheson as a defendant because Hutcheson, as the official in charge of the jail, was responsible for protecting Silk and other inmates from abuse, including assaults and injuries. He seeks more than $250,000 from Hutcheson in compensatory and punitive damages.

Silk then goes on to discuss the grievances he filed related to the assault, the first of which he filed on September 3, 2018. He claims that the second defendant, Lt. Harper,

returned Silk's grievance to him, undated and unsigned. Silk tried to appeal through the kiosk and he requested a hard copy of the grievance itself, but that request was denied. Silk alleges that Harper "denied him access to the grievance procedure," and he asks for $10,000 in punitive damages.

I interpret Silk's complaint as asserting an Eighth Amendment failure-to-protect claim against Hutcheson, and a Fourteenth Amendment due process claim against Harper based on Harper's interference with Silk's access to the grievance procedures.[1]

## II. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

**A. Eighth Amendment—Unsafe Conditions Based on a Failure to Protect**

As for Silk's claim against Hutcheson, a failure-to-protect claim is analyzed as an

---

[1] Silk does not identify either defendant as having played any role in him being without his dentures after his transfer, nor does he express that this violated any federal right. Thus, I do not construe his complaint as raising a Section 1983 claim based on the period when his dentures were with the dentist for repair and he was without them.

3

unconstitutional conditions claim under the Eighth Amendment. To prove a Section 1983 claim against an official for failing to protect him from injury, the prisoner plaintiff must establish: (1) he was "incarcerated under conditions posing a substantial risk of serious harm" and (2) the defendant prison official had a "sufficiently culpable state of mind," one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is "somewhere between negligence and purpose or knowledge: namely, recklessness of the subjective type used in criminal law." *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995). Further, in order to succeed on a failure-to-protect claim, a plaintiff must show that the harm suffered was objectively serious, *i.e.*, he must show he suffered a "serious or significant physical or emotional injury." *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014).

An inmate may prove deliberate indifference through direct or circumstantial evidence, and "[d]irect evidence of actual knowledge is not required." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015). The plaintiff may satisfy the deliberate indifference element with evidence that the challenged circumstances created a "substantial risk" of harm that "was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." *Id.* Even without direct evidence, "an injury might be so obvious that the factfinder could conclude that the [official] did know of it because he could not have failed to know of it." *Id.*

Silk's allegations clearly reflect that he suffered a serious or significant physical injury, so that component of his claim is not at issue. But Silk presents no facts at all to plausibly allege that Hutcheson personally had any knowledge of a potential risk of assault to Silk, and he presents no facts to show that the likelihood of injury was so obvious that Hutcheson had to

4

have known of it. Indeed, Silk admits that he believed the assault was random. Because Silk did not anticipate an assault, and he states no facts to support any conclusion that Hutcheson should have anticipated an assault against him, he cannot show that Hutcheson was deliberately indifferent to the risk of such an assault. For this reason, Silk's Eighth Amendment failure-to-protect claim fails.

### B. Fourteenth Amendment—Interference with Grievance Access

I construe Silk's second claim as a claim that defendant Harper violated Silk's Fourteen Amendment due process rights. This claim, too, is subject to dismissal, pursuant to clear Fourth Circuit precedent. Specifically, the Fourth Circuit held in *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994), and reiterated more recently in *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533 (4th Cir. 2017), that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Id.* at 541; *see Adams*, 40 F.3d at 75 ("The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Relying on *Adams*, district courts, including this one, have repeatedly held that a prison official's failure to comply with a grievance procedure is not actionable under § 1983. *E.g.*, *Brown v. Va. Dep't of Corr.,* No. 6:07-CV-33, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009) ("[T]here is no liability under § 1983 for a prison administrator's response to a grievance or appeal."); *Oliver v. Gray*, No. 7:09-CV-00004, 2009 WL 366150, at *2 (W.D. Va. Feb. 12, 2009), *aff'd*, 360 F. App'x 417 (4th Cir. 2010) ("Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").

In short, even if Harper purposefully prevented Silk from accessing and fully utilizing the grievance procedure, that deprivation of the grievance procedure does not alone give rise to

5

liability under Section 1983. Thus, the claim against Harper also is subject to dismissal.

## III. CONCLUSION

For the foregoing reasons, I will summarily dismiss this action under § 1915A(b)(1), for failure to state a claim. Although it does not appear that there are additional facts Silk could allege to render either of his claims viable, I will nonetheless dismiss his claims without prejudice. To the extent that Silk's complaint is intended to assert a state-law claim against either defendant, the court declines to exercise jurisdiction over any such claim. 28 U.S.C. § 1367(c)(3).

Because the dismissal is without prejudice, Silk is not precluded from refiling his claims in a new and separate civil action if he can correct the deficiencies described in this opinion, assuming he has exhausted his available remedies in accordance with 42 U.S.C. § 1997e, and subject to the applicable statute of limitations.

An appropriate order will be entered.

**ENTER**: This 16th day of July, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE